## STATE v. JIMMIE CHICK.[1]

November 16, 1934.

No. 30,042.

*Arthur LeSueur,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Thomas H. Quinn,* County Attorney, and *William D. Gunn,* for the state.

*HILTON, Justice.*

Defendant was convicted on March 30, 1933, of robbery of the State Bank of Lonsdale on January 10, 1930, and sentenced to life imprisonment.

The main question on this appeal is whether the defendant was sufficiently identified by the state's witnesses to warrant the jury's finding of guilty. Defendant sought to prove an *alibi,* several witnesses for the defense testifying that on the date of the robbery defendant was in Milwaukee. Defendant asserts that the verdict of guilty was contrary to the evidence and must have been given under the influence of passion and prejudice and asks that the trial court's order denying his motion for setting aside the verdict and granting a new trial be reversed.

[1]Reported in 257 N. W. 280.

Three of the witnesses for the state were present in the bank when the robbery was committed. Two of those witnesses were positive in their identification of the defendant as one of two men who, at the point of revolvers, made them lie on the floor while they looted the bank. The third witness testified that he was "quite sure" defendant was one of the men. Another witness for the state testified that close to the time of the robbery he met two strangers on the street a short distance from the bank. His description of the two men corresponded with that given by the other three witnesses. He testified that "to the best of [his] knowledge" defendant was one of those men.

We see no reason for reversal; there is no claim that defendant did not have a thorough and fair trial; no errors of law were assigned in the motion for new trial; no objection was made to the instructions of the court; and no assignment of error is here directed thereto. There is nothing in the record indicating passion or prejudice. An adverse verdict in and of itself does not sustain such a contention. There was a prominent scar on defendant's face which made identification more certain. All four witnesses for the state testified that one of the robbers had such a scar. The conflicting evidence as to the identity of defendant presented a question for the jury's determination. The evidence was sufficient to warrant its finding of guilty. The trial court reviewed the case upon two separate motions, once upon the minutes of the court and again upon the settled case. After each of the hearings the court approved the action of the jury and denied the motion. The truth as to defendant's presence at the time and place of the robbery depended upon the credibility and weight of the testimony, which was peculiarly for the jury, and in the absence of substantial error this court should not interfere. State v. Rose, 47 Minn. 47, 49 N. W. 404; State v. Nelson, 91 Minn. 143, 97 N. W. 652; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 2477, 2490.

In support of the second motion for new trial, affidavits were submitted by defendant claiming newly discovered evidence. The claimed newly discovered evidence consisted of an affidavit by one Rock, in which he stated that defendant was in Milwaukee on the

date the robbery was committed. That affidavit was discredited by a subsequent one by the same person and contained nothing new.
Affirmed.